

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

July 9, 1990

Honorable Joe Lucas
El Paso County Attorney
City-County Bldg., Room 201
El Paso, Texas 79901

Opinion No. JM-1184

Re: Disposal of property for-
feited to a municipality pur-
suant to the Texas Controlled
Substances Act (RQ-1730)

Dear Mr. Lucas:

You have submitted the following question for our opinion:

> Must a political subdivision authorized by
> law to employ peace officers, specifically a
> home-rule municipality, sell a vehicle that
> has been forfeited to it, at a public auction
> under the direction of the county sheriff as
> set out in Section 5.08(b), Article 4476-15,
> V.A.C.S., of the Texas Controlled Substances
> Act, either when the city acquires the
> vehicle by forfeiture but has no use for the
> particular vehicle or after the vehicle is no
> longer useful to the city for law enforcement
> purposes? If not, by what method may the
> city sell the vehicle?

In 1989, the legislature enacted the Health and Safety
Code as a nonsubstantive revision of existing law. See Acts
1989, 71st Leg., ch. 678, § 14, at 3165. The provisions of
article 4476-15, V.T.C.S., the Texas Controlled Substances
Act, were transferred to the new code (which became
effective September 1, 1989) and are now found in chapter
481, thereof. Provisions regarding forfeiture are located
in subchapter E. Those formerly contained in subsection (b)
of section 5.08 of article 4476-15 were transferred to
section 481.158 of the new code, as were those formerly
found in subsections (c), (d), (e), and (f) of section 5.08
of the former statute.[1] Section 481.158 was repealed in the

---

1. Additions and corrections to several enacted codes,
(Footnote Continued)

second called session of the 71st Legislature. Acts 1989, 71st Leg., 2d C.S., ch. 12, § 5(c), at 21. Therefore, this opinion is applicable only to forfeitures that occurred before October 18, 1989. Id. § 7, at 21.

Section 481.157(d) of the Health and Safety Code provides that if the adjudication court determines that property seized under the Texas Controlled Substances Act is subject to forfeiture, the judge, on motion, is to forfeit the property "to the state or an agency of the state or to a political subdivision of the state authorized by law to employ peace officers."

Before article 4476-15, V.T.C.S., was incorporated into the Health and Safety Code, section 5.08 thereof read in pertinent part:

> (b) All other property [i.e., other than controlled substances, raw materials, and drug paraphernalia] that has been forfeited, except the money derived from the sale, manufacture, distribution, dispensation, delivery, or other commercial undertaking violative of this Act, and except as provided below, shall be sold at a public auction under the direction of the county sheriff after notice of public auction as provided by law for other sheriff's sales. The proceeds of the sale shall be delivered to the district clerk and shall be disposed of as follows:
>
> (1) to any bona fide lienholder, secured party, or other party holding an interest in the property in the nature of a security interest, to the extent of his interest; and
>
> (2) the balance, if any, after deduction of all storage and court costs, shall be

(Footnote Continued)
including the Health and Safety Code, were made by the 71st Legislature. See Acts 1989, 71st Leg., ch. 1100, at 4522. Moreover, section 5.08 of article 4476-15 was amended by the same legislature that repealed it in the process of enacting the Health and Safety Code. See Acts 1989, 71st Leg., ch. 1011, at 4106. The amendment is saved and given effect as part of the code notwithstanding the repeal. See Gov't Code § 311.031(c). Neither of these two enactments affect the answer to your question, however.

> forwarded to the state comptroller and deposited with and used as general funds of the state _except as provided by Subsection (f) of this section_.
>
> (c) The state or an agency of the state or a political subdivision of the state authorized by law to employ peace officers may maintain, repair, use, and operate for official purposes all property that has been forfeited to it if it is free from any interest of a bona fide lienholder, secured party, or other party who holds an interest in the property in the nature of a security interest . . . .
>
> . . . .
>
> (f) _All_ money, securities, certificates of deposit, negotiable instruments, stocks, bonds, businesses or business investments, contractual rights, real estate, personal property and other things of value, _and the proceeds from the sale of an item described in this subsection_ that are forfeited to the seizing agencies of the state or an agency or office of a political subdivision of the state authorized by law to employ peace officers _shall be deposited in a special fund_ to be administered by the seizing agencies or office to which they are forfeited. Except as otherwise provided by this subsection, expenditures from this fund shall be used solely for the investigation of any alleged violations of the criminal laws of this state . . . . (Emphasis added.)

In 1988, this office, in Attorney General Opinion JM-899, addressed the same question, essentially, that you pose. Among other things, we were asked:

> When a motor vehicle forfeited for use by the sheriff's department is no longer useful to the department, how is it to be disposed of? Should the property be sold at a public auction under the direction of the sheriff as described in section 5.08(b) of the Act or at the direction of the Commissioner's Court pursuant to the Local Government Code?
>
> What is the proper disposition of the funds garnered from the disposal of the motor

> vehicle? Should they be deposited in the 'special fund' described in section 5.08(f) of the Act or deposited in the general fund of the county?

With respect to the proper disposition of the proceeds realized from subsequently selling property originally forfeited for use by a political subdivision, Attorney General Opinion JM-899 advised:

> Attorney General Opinions JM-678 (1987) and JM-550 (1986) provide a concise answer to your final question, which concerns the disposition of proceeds from the sale of the vehicle. Section 5.08(f) of the Controlled Substances Act provides in relevant part:

> > <u>All</u> money, securities, certificates of deposit, negotiable instruments, stocks, bonds, businesses or business investments, contractual rights, real estate, <u>personal property</u> and other things of value, <u>and the proceeds from the sale of items described in this subsection that are forfeited</u> to the seizing agencies of the state or an agency or office of a political subdivision of the state authorized by law to employ peace officers <u>shall be deposited in a special fund to be administered by the seizing agencies or office to which they are forfeited</u>. Except as otherwise provided by this section, expenditures from this fund shall be used solely for the investigation of any alleged violations of the criminal laws of this state . . . . (Emphasis added.)

> V.T.C.S. art. 4476-15, § 5.08(f).

> The proceeds from the sale of the forfeited vehicles used by the sheriff's department must be deposited in the special fund described in section 5.08(f) of the Controlled Substances Act. Attorney General Opinion JM-678 (1987).

We think the foregoing answer was correct and remains correct today.

We think, however, that the "public auction" question addressed in Attorney General Opinion JM-899 should be

reconsidered. That opinion interpreted the "except as provided below" language contained in the initial sentence of subsection (b) of section 5.08 to <u>exclude</u> forfeited property retained for use by a political subdivision from the "sale at public auction" provision of that sentence. The opinion concluded that property retained for use under section 5.08(c) was subject to "the Local Government Code's general provisions for the disposal of surplus public property."

Upon reconsideration, we conclude that the "as provided below" phrase contained in former section 5.08(b) merely recognized that forfeited property to be used by "the state or an agency of the state or a political subdivision of the state" pursuant to subsection (c) was not to be immediately sold. Inasmuch as subsection (c) concerns property to be used by "the state or an agency of the state," as well as a political subdivision of the state, it could not have been the legislative intent that <u>Local</u> Government Code provisions govern the sale of all property so used. Sales by the state and its agencies are not covered by "the Local Government Code's general provisions for the disposal of surplus public property." Nor do "general provisions" thereof cover all sales by all political subdivisions. <u>Cf.</u> Local Gov't Code §§ 253.001 <u>et seq.</u>, 263.151 <u>et seq.</u>, 281.055.

Insofar as it is now applicable, we believe the legislative intent of section 5.08, article 4476-15, V.T.C.S. (later section 481.158 of the Health and Safety Code), is that <u>all</u> forfeited property is to be sold at public auction under the direction of the sheriff, but that the sale of property which an agency or subdivision elects to use for public purposes is delayed until the agency or subdivision to which it is forfeited no longer wishes to make use of it for official purposes. This reading makes it unnecessary to find authority elsewhere for the disposal of forfeited property. <u>See</u> 41 Tex. Jur. 3d <u>Forfeitures and Penalties</u> §§ 5, 15 at 185, 195; 67 Tex. Jur. 3d <u>Statutes</u> §§ 164, 165 at 806, 807.

We therefore advise, in answer to your question, that if a political subdivision, including a home-rule city, acquired a vehicle by forfeiture before October 18, 1989, pursuant to the Texas Controlled Substances Act but has no use for the vehicle, or after the vehicle is no longer useful to the political subdivision for official purposes, it is to be sold at public auction under the direction of the county sheriff. <u>See</u> Attorney General Opinions JM-813, JM-812, JM-678 (1987); JM-550 (1986). To the extent of its conflict with this opinion, Attorney General Opinion JM-899 (1988) is modified.

We do not reach your other questions.

### S U M M A R Y

If a political subdivision, including a home-rule city, acquired a vehicle by forfeiture prior to October 18, 1989, pursuant to the Texas Controlled Substances Act but has no use for the vehicle, or after the vehicle is no longer useful to the political subdivision, it is to be sold at public auction under the direction of the county sheriff.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General